UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CURTIS BARNES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-2190-X-BN |
| | § | |
| DIRECTOR, TDCJ-CID, et al., | § | |
| | § | |
| *Defendants*. | § | |

# ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. (Doc. 7). Plaintiff Curtis Barnes filed an objection. (Doc. 10). Barnes does not comply with the Rule 72 standard, failing to specify the errors in the Magistrate Judge's Order.[1] Even considering the objection, the District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error.

Finding no error, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Having considered the claims asserted by Barnes, the Court agrees that amendment would be futile. The

[1] An objection that does "nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection'" under Rule 72(b). *Cuza v. Day*, No. 22-1354, 2023 WL 3270064, at *1 (E.D. La. May 5, 2023) (citation omitted); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("Frivolous, conclusive or general objections need not be considered by the district court.").

claims asserted by Barnes are not constitutional violations, and even if they were, they are not violations of clearly established law. So the Court **DISMISSES WITH PREJUDICE**.

**IT IS SO ORDERED** this 26th day of August, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE